IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:14-HC-2075-FL

| | | |
|---|---|---|
| SAQUAN DEVEL HUSSEY, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| ROY COOPER, | ) | |
| | ) | |
| Respondent. | ) | |

This matter came before the court on respondent's motion to dismiss (DE 10) pursuant to Federal Rule of Civil Procedure 12(b)(6).[1] The issues raised have been fully briefed and are ripe for adjudication. For the following reasons, the court grants respondent's motion.

**STATEMENT OF CASE**

On January 16, 2008, in the Nash County Superior Court, petitioner was convicted following a jury trial of robbery with a dangerous weapon and possession of a firearm by a felon, and was sentenced to consecutive terms of 117-150 and 20-24 months imprisonment. State v. Hussey, 194 N.C. App. 516, 669 S.E.2d 864 (2008). Petitioner subsequently filed a notice of appeal, and the North Carolina Court of Appeals entered an order finding no error on December 16, 2008. Id.

On January 19, 2012, petitioner filed a *pro se* motion for appropriate relief ("MAR") in the Nash County Superior Court, which was denied on January 31, 2012. (Resp't's Ex. 6.) Petitioner

---

[1] Respondent does not specify under which Federal Rule of Civil Procedure he seeks dismissal of plaintiff's action. Accordingly, the court assumes that respondent filed his motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6).

then dated a second *pro se* MAR September 24, 2013, and filed it in the superior court on November 7, 2013. (Pet. Attach. 1.) The superior court denied petitioner's MAR on November 20, 2013. (Resp't's Ex. 7.) On December 23, 2013, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Court of Appeals, which was denied on January 7, 2014. (Id. Exs. 8, 10.) On March 27, 2014, petitioner filed a *pro se* petition for a writ of certiorari in the North Carolina Supreme Court, which was dismissed on April 10, 2014. (Id. Exs. 11, 12.)

On April 23, 2014, petitioner filed this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 raising the following claims: (1) the trial court lacked territorial and subject matter jurisdiction to enter judgment; (2) the jury instructions were prejudicial and lead to a conviction in violation of the Due Process Clause of the Fourteenth Amendment to the United States Constitution; and (3) the conviction was obtained against the preponderance of the evidence. Petitioner also alleged that he received ineffective assistance of appellate counsel and that he did not receive a pre-sentence investigation report in violation of the Due Process Clause. Respondent subsequently moved to dismiss petitioner's habeas petition on the grounds that it was filed outside of the statute of limitations, and therefore is time-barred. The motion was fully briefed.

## DISCUSSION

A.  Motion to Dismiss

    1.  Standard of Review

A motion to dismiss under Rule 12(b)(6) determines only whether a claim is stated; "it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party v. Martin, 980 F.2d 943, 952 (4th Cir. 1992). A claim is stated if the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its

2

face.'" Ashcroft v. Iqbal, 556 U.S. 662, 677 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider "legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted). In other words, this plausibility standard requires a plaintiff to articulate facts, that, when accepted as true, demonstrate that the plaintiff has stated a claim that makes it plausible he is entitled to relief. Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009) (quotations omitted).

    2.    Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a writ of habeas corpus by a person in custody pursuant to the judgment of a state court must be filed within one year. 28 U.S.C. § 2244(d)(1). The period begins to run from the latest of several dates:

> A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review; B) the date on which the impediment to filing an application . . . is removed . . .; C) the date on which the constitutional right was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id.

In this case, the statutory period began to run on the date petitioner's judgment became final. The North Carolina Court of Appeals denied petitioner's appeal of his conviction on December 16, 2008. Petitioner then had thirty-five (35) days, until January 20, 2009, to file a notice of appeal with

3

the North Carolina Supreme Court where there is an appeal of right and/or a petition for discretionary review. See N.C. R. App. P. 14(a) and 15(b) (petition for discretionary review may be filed within 15 days after issuance of the mandate by the Court of Appeals); N.C. R. App. P. 32(b) (mandate issues 20 days after written opinion unless court orders otherwise). Because petitioner did not file a timely notice of appeal or a petition for discretionary review to the North Carolina Supreme Court, he is not entitled to an additional ninety (90) days to file a petition for a writ of certiorari in the United States Supreme Court.[2] See Gonzalez v. Thaler, __ U.S. __, 132 S.Ct. 654-655 (2012). Thus, petitioner's conviction became final on January 20, 2009, when his case became final for purposes of direct appellate review.

Petitioner's one-year statutory period then began to run on January 20, 2009, and ran for three hundred sixty-five (365) days until it expired on January 20, 2010. Because petitioner filed this action subsequent to the expiration of the statute of limitations, the action is time-barred.

Petitioner's January 19, 2012, MAR, and subsequent filings, do not operate to toll the running of the statutory period because under § 2244(d)(1) the statutory period is tolled during the time "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2); see Taylor v. Lee, 186 F.3d 557, 560 (4th Cir. 1999). Tolling is not permitted after the expiration of the statutory period. See Minter v. Beck, 230 F.3d 663, 665–66 (4th Cir. 2000); Streater v. Beck, No. 3:05CV284-MU-02,

---

[2] Petitioner's March 27, 2014, *pro se* petition for discretionary review filed in the North Carolina Supreme Court and seeking review of his MAR does not resurrect his direct appeal or otherwise toll the one-year period of limitation. See N.C. R. App. P. 21; Arrington v. Stancil, No. 5:11-HC-2018-BO, 2012 WL 125755, at *2 (E.D.N.C. Jan. 17, 2012), appeal dismissed, No. 12-6290, 2012 WL 2354469 (4th Cir. June 21, 2012) (citations omitted); see generally, Saguilar v. Harkleroad, 348 F. Supp. 2d 595, 598 (M.D.N.C. 2004) ("A request for an 'extraordinary writ,' which is not part of the regular review process, does not toll the AEDPA limitation period."), appeal dismissed, 145 F. App'x 444 (4th Cir. Oct. 14, 2005); see also, Burton v. Solomon, No. 1:14CV370, 2015 WL 540547, at *2 (M.D.N.C. Feb. 10, 2015) ("Although, shortly before the end of the one-year period, Petitioner petitioned for certiorari review with the North Carolina Supreme Court, that petition did not toll the statute of limitations.").

2006 WL 1877149, *2 (W.D.N.C. Jul. 6, 2006) ("[I]t is well settled that a . . . motion or petition [filed subsequent to the close of the statutory period] for collateral review in State court cannot somehow breathe new life into an already expired federal limitations period[.]"), appeal dismissed, 207 F. App'x 271, 2006 WL 3407741 (4th Cir. 2006). Thus, petitioner is not entitled to statutory tolling after the statutory period expired.

In response to respondent's motion to dismiss, petitioner concedes that the statute of limitations has expired, but argues that his habeas action is not time-barred because he is actually innocent of the crimes for which he has been convicted. Recently, the Supreme Court recognized in McQuiggin v. Perkins, ––– U.S. –––, 133 S.Ct. 1924, 1928 (2013), an actual innocence exception to AEDPA's time limitations. To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." Schlup v. Delo, 513 U.S. 298, 327 (1995); see McQuiggin, ––– U.S. at –––, 133 S.Ct. at 1935. "To be credible, such a claim requires petitioner to support his allegations of constitutional error with new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial." Schlup, 513 U.S. at 324. Further, "claims of actual innocence are rarely successful," Schlup, 513 U.S. at 324, and "should not be granted casually." Wilson v. Greene, 155 F.3d 396, 404 (4th Cir. 1998).

Here, petitioner makes vague and conclusory allegations that he is actually innocent of the instant offenses because no weapon was ever recovered. Petitioner, however, has not set forth any new or reliable evidence establishing his actual innocence. Petitioner's conclusory allegations are insufficient to excuse his procedural default. See Nickerson v. Lee, 971 F.2d 1125, 1136 (4th Cir.

5

1992) ("Unsupported, conclusory allegations do not entitle habeas petitioner to an evidentiary hearing."), overruled on other grounds by, Gray v. Netherland, 518 U.S. 152, 165-66 (1996); see, e.g., Turner v. Director, Virginia Dept. of Corrections, No. 1:13cv998, 2013 WL 6506179, at *3 (E.D. Va. Dec. 6, 2013). Thus, petitioner's actual innocence claim does not excuse the untimely filing of this § 2254 petition.

B.   Certificate of Appealability

Rule 11 of the Rules Governing Section 2254 Cases ("Habeas Rules") provides "the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Having determined petitioner is not entitled to relief and respondent is entitled to dismissal of the petition, the court considers whether petitioner is nonetheless entitled to a certificate of appealability with respect to one or more of the issues presented in his habeas petition.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a petitioner's constitutional claims have been adjudicated and denied on the merits by the district court, the petitioner must demonstrate reasonable jurists could debate whether the issue should have been decided differently or show the issue is adequate to deserve encouragement to proceed further. Miller-El v. Cockrell, 537 U.S. 322, 336-38 (2003); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000).

Where a petitioner's constitutional claims are dismissed on procedural grounds, a certificate of appealability will not issue unless the petitioner can demonstrate both "(1) 'that jurists of reason would find it debatable whether the petition [or motion] states a valid claim of denial of a constitutional right' and (2) 'that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'" Rose v. Lee, 252 F.3d 676, 684 (4th Cir. 2001) (quoting

6

Slack, 529 U.S. at 484). "Each component of the § 2253(c) showing is part of a threshold inquiry, and a court may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments." Slack, 529 U.S. at 484-85.

After reviewing the claims presented in the habeas petition in light of the applicable standard, the court finds reasonable jurists would not find the court's treatment of any of petitioner's claims debatable or wrong and none of the issue are adequate to deserve encouragement to proceed further. Accordingly, a certificate of appealability is denied.

## CONCLUSION

For the foregoing reasons, respondent's motion to dismiss (DE 10) is GRANTED. The certificate of appealability is DENIED. The clerk of court is DIRECTED to close this case.

SO ORDERED, this the 20th day of May, 2015.

_____
LOUISE W. FLANAGAN
United States District Judge